Anna Everly and R. M. Stocker, Guardian of Julius Paul,
    Augustus C. Paul and Emile Paul, *v.* John W. Harri-
    son, Appellant.

*Lunacy—Traverse—Deed—Ejectment—Evidence.*

> In an action of ejectment to recover land conveyed to defendant, it ap-
peared that an inquisition in lunacy found that the grantor had been a
lunatic for more than two years prior to the date of the inquisition, with
lucid intervals, and the deed had been executed when the grantor "had
not a lucid interval." The lunatic filed a traverse to the inquisition, but
withdrew it before the ejectment was brought. It further appeared that
a judgment had been entered against the lunatic prior to the beginning of
the two years found by the inquisition. Within the two years execution
was issued upon the judgment, and the lunatic gave money to defendant
in the ejectment, who was also the grantee in the deed, to pay the judg-
ment, which he promised to do, but instead thereof he allowed the prop-
erty to be sold at sheriff's sale, and bid it in himself. *Held,* (1) that the
record of lunacy proceedings was properly admitted in evidence, and
(2) that no title passed to the defendant by the sheriff's sale.

Argued Feb. 27, 1895.    Appeal, No. 236, Jan. T., 1895, by
defendant, from judgment of C. P. Wayne Co., Dec. T., 1895,
No. 121, on verdict for plaintiffs.    Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM, and MITCHELL, JJ.    Affirmed.

Ejectment for four pieces of land in Paupack township.    Be-
fore SEARLE, P. J.

At the trial it appeared that in 1890, Caroline Paul, a widow,
owned a small farm of about seventy-five acres in the township
of Paupack, Wayne Co., Pa., where she resided with her three
sons, Julius, aged fourteen, Augustus, aged twelve, and Emile,
aged ten.    She had also about $400 worth of personal property
on the farm and $200 in bank.    She had no debts except two
small notes held by Jacob Everly, amounting to $160.    During
the spring of 1890, John W. Harrison, the defendant, went to
her home to live.    On Sept. 23, 1891, she executed a deed for
her farm and a bill of sale for her personal property to Harri-
son.    The consideration named in the deed was $2,000, and in
the bill of sale, $595; but in reality no money or other valua-
ble consideration was paid.    Harrison then assumed full con-
trol of the property.

On July 10, 1893, Julius Paul presented to the court of common pleas of Wayne county a petition, praying for a writ ,.de lunatico inquirendo, to inquire of the lunacy of Caroline Paul. A commissioner was appointed, and an inquisition was held the 13th day of July, 1893, finding that said Caroline Paul was a lunatic with lucid intervals, and had been so for two years and more last past, and that at the time of the transfer of her property "she had not a lucid interval." On Oct. 2, 1893, the report of the commissioner was approved nisi. On Dec. 9, 1893, Caroline Paul filed her traverse, which she by her attorney, F. P. Kimble, Esq., withdrew on Jan. 8, 1894, and on the same day the report was approved absolutely by the court.

On Oct. 8, 1891, Jacob Everly entered one of his notes, dated April 16, 1891, and issued a writ of execution, by virtue of which the land of Caroline Paul, which she had transferred to John W. Harrison, was sold by the sheriff on Oct. 1, 1892, and John W. Harrison was a purchaser at the sale.

Some time prior to the sheriff's sale, Caroline Paul had handed over to John W. Harrison the $200, for safekeeping, which she had on deposit in the bank. On the day of sale she directed Harrison to go to the courthouse and pay off the judgment and stop the sale. This he promised to do, with the money which he held in trust for her. But instead of paying off the judgment, he permitted the land to be sold, and became the purchaser himself. Although the bid was $800, Harrison paid the sheriff only $176.04, and procured the signature of Caroline Paul to a receipt for the balance. The said sum of $176.04 was paid with money belonging to Caroline Paul, and no more money was paid by Harrison either to the sheriff or Mrs. Caroline Paul.

Caroline Paul died July 5, 1894, and her heirs, with their guardians, are the parties plaintiffs.

Plaintiffs offered the record of the court of common pleas of Wayne county, No. 207, May Term, 1893, in the matter of the lunacy of Caroline Paul, of Paupack township, July 10, 1893, Julius Paul, son of Caroline Paul, of Paupack township. Counsel for plaintiffs being asked the purpose of the offer said :

" We propose to prove by this record that Caroline Paul, after the inquisition of July 10, 1893, was regularly confirmed, after being declared by such inquisition to be a lunatic, and the find-

ing of the commission that she had been a lunatic for more than two years at the time the inquisition was taken, and at the time of the conveyance of this property to John W. Harrison was a lunatic, and setting forth what her property was.

Mr. Smith: " We object to that offer, that it is immaterial and irrelevant, on the ground that the lunacy is not dated back to the date of the judgment upon which the sheriff's sale was had upon which the defendant purchased the property and by which he holds title to it. Objection overruled. Defendant excepts. Bill sealed for defendant." [1]

Mr. Smith: " I move to strike this record out. We move that the whole record in the lunacy proceedings be stricken out upon the ground that as the record stands it is still under a traverse and decides nothing ; that the appearance of an attorney for the alleged lunatic withdrawing the traverse is illegal and void as the record stands, and nothing is decided by the record ; that no fact is determined."

The Court: " That may be a question for consideration hereafter. The defendant has an exception to the admission of it. Motion refused. Defendant excepts. Bill sealed for defendant." [2]

The court charged in part as follows :

" [If she did, if she gave him the money with instructions to pay the judgment and he agreed to do it, or whether he agreed to do it or not, if she gave him the money to pay the judgment with and he came here and did not perform the service that he was told to perform, but in lieu of that allowed the property to be sold at sheriff's sale and bid it in himself, and applied that money to the payment of the purchase money, that would be a fraud upon Mrs. Paul and no title would pass to him by virtue of it, even if he paid some portion of his own money with it; the amount of money paid to the sheriff being over the amount of money received.] " [3]

Defendant's points were as follows :

" 1. That this is an equitable ejectment, therefore the plaintiff's testimony must be such as would warrant a chancellor in decreeing a conveyance of the land by the defendant to the plaintiff. That the testimony is not sufficient to warrant such a decree and therefore the verdict must be for the defendant. *Answer :* This point is refused." [4]

. "2. That although the defendant should be deemed and held to be a trustee, the testimony on the part of the plaintiff showing that the defendant paid to the sheriff $212 as purchase money for the property in question, in the absence of the payment of this sum or a tender of payment before suit, there can be no recovery in this action. *Answer:* That is refused." [5]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were, (1, 2) rulings on evidence, quoting the bill of exceptions; (2–5) above instructions, quoting them.

*C. Smith, Charles McCarty* with him, for appellant.—The record should have been rejected: Beardsley v. Hall, 36 Conn. 270; Wirebach v. Bank, 97 Pa. 549; Elliot v. Ince, 7 De G. M. & G. 487.

A lunatic's contract, though voidable is not void. 2 Bl. Com. 291; Merriman v. Munson, 134 Pa. 127; Kneedler's App., 92 Pa. 428; Reese River Co. v. Smith, L. R. 4 H. of L. 73; Upton v. Englehart, 3 Dill. 496.

Defendant's title as sheriff's vendee is an indefeasible one: McKibbin v. Martin, 64 Pa. 352; Kisler v. Kisler, 2 Watts, 323; Williard v. Williard, 56 Pa. 124; Wolford v. Harrington, 86 Pa. 39; Wallace v. Duffield, 2 S. & R. 528; Mansell v. Mansell, 2 P. Wm. 681; Rife v. Geyer, 59 Pa. 397; Dicey on Parties to Action, 66; Phillips v. Buckman, 30 Pa. 402; Gregg v. Lessee of Sayre, 8 Pet. 253; Ganon v. Davis, 10 N. Y. Leg. Obs. 223.

. *F. P. Kimble,* for appellees.—A deed of a lunatic is absolutely void or voidable, and may be set aside without restoring the purchase money: Crawford v. Scovell, 94 Pa. 48.

The finding of the inquest is evidence of lunacy for the jury and does not merely operate to throw the burden of showing a lucid interval on the purchaser: Rogers v. Walker, 6 Pa. 371; Gangwere's Est., 14 Pa. 417.

An agent cannot take a conveyance and set it up against his principal: Irwin v. Trego, 22 Pa. 368.

Where the whole or a portion of the purchase money was furnished by the person setting up a trust, the sale will be set aside or the vendee held to be a trustee: Blyholder v. Gilson,

18 Pa. 134; Cook v. Cook, 69 Pa. 443; Beck v. Graybill, 28 Pa. 66; Cowperthwaite v. Bank, 102 Pa. 397; Wolford v. Herrington, 86 Pa. 39; Faust v. Haas, 73 Pa. 295.

PER CURIAM, April 8, 1895:

This case appears to have been carefully and correctly tried. We find nothing in the record that would justify us in sustaining any of the five specifications of error. There is nothing in either of them that requires discussion.

Judgment affirmed.